UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNETTE RODGERS,

           Plaintiff,

v.

MARYLIN ATKINS,

           Defendant.
_____/

Case No. 17-11959

Paul D. Borman
United States District Judge

R. Steven Whalen
United States Magistrate Judge

**OPINION AND ORDER:**
**(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYMENT OF FEES OR COSTS (ECF NO. 2); AND**
**(2) SUMMARILY DISMISSING THE COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) (ECF NO. 1)**

Now before the Court is Plaintiff Arnette Rodgers's Application to Proceed in District Court without Prepaying Fees or Costs. (ECF No. 2.) For the reasons below, the Court will grant Plaintiff's Application to Proceed without Prepaying Fees or Costs, but will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2) because it fails to state a claim upon which relief can be granted.

Under 28 U.S.C. § 1915(a)(1), a court may allow commencement of a civil action without the prepayment of fees or costs if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." In the instant action, Plaintiff has supplied an affidavit regarding her financial

obligations and income. (ECF No. 2.) Based on this information, the Court will grant Plaintiff's Application to Proceed without Prepayment of Fees or Costs.

At the same time, the Court is required to dismiss a complaint filed without prepayment of fees when it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To avoid dismissal for this reason, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (internal citations omitted). The Court is aware that a pro se litigant's complaint must be liberally construed and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Still, the plaintiff must provide more than just "bare assertions of legal conclusions." *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

In this action, Plaintiff seeks a $5,000,000 judgment against Defendant Marylin Atkins on the grounds that "Defendant acted in 'Reckless Disregard' to Plaintiff's due process rights, thereby entitling Plaintiff to Punitive Damages" pursuant to 42 U.S.C. § 1983. (ECF No. 1, Compl. at 3.) Plaintiff states by way of factual background that "[t]he district court decided on July 17, 2015 that defendant violated Plaintiff's right to due process." (*Id.*)

What Plaintiff refers to is an action that was litigated before another court in this District between 2010 and 2016. *See Rodgers, et al. v. Atkins, et al.*, E.D. Mich. Case. No. 10-cv-11799 ("**Rodgers I**"). *Rodgers I* was a lawsuit filed by a group of former employees of Michigan's 36th Judicial District Court (including Plaintiff), who alleged that the 36th Judicial District Court and its Chief Judge Marylin E. Atkins terminated their employment without due process in violation of the Fourteenth Amendment.

By 2015, the parties in *Rodgers I* had been winnowed down to four plaintiffs and one defendant—including the Plaintiff and Defendant in this action. *Rodgers I* came to an end at the district court level in July 2015 when the court denied the defendant's motion for summary judgment, holding that the plaintiffs' "procedural due process rights were violated by virtue of the unreasonable delay in their receipt of a constitutionally-sufficient post-termination hearing." *Rodgers v. Atkins*, No.

3

10-CV-11799, 2015 WL 4425899, at *17 (E.D. Mich. July 17, 2015). At the same time, the court held that the plaintiffs were entitled to nominal damages only, *see id.* at *14-16, and therefore awarded $100 in damages to each of the remaining four plaintiffs. *See id.* at *17.

Two months and one day later, on September 18, 2015, Plaintiff filed a motion for reconsideration, requesting that the court revisit its decision on three substantive grounds. (*Rodgers I*, ECF No. 93.) The court determined that the motion was untimely, as the local rules require such motions to be filed "within 14 days after entry of the judgment or order." (*Rodgers I*, ECF No. 94 at 2 (citing E.D. Mich. L.R. 7(h)(1).) In view of Plaintiff's *pro se* status, the court considered whether it could evaluate the motion under Federal Rule of Civil Procedure 59(e), which provides for motions to alter or amend judgments, or alternatively under Federal Rule of Civil Procedure 60(b), which requires a court to relieve a party from judgment in certain enumerated circumstances. Even so, the court concluded that Plaintiff's motion for reconsideration was still untimely if construed as a Rule 59(e) motion, and that it did not implicate any of the circumstances specified in Rule 60(b). The court therefore denied the motion.[1] (*See id.* at 2-4.)

Plaintiff filed a notice of appeal on October 13, 2015. (ECF No. 95.) The

---

[1] Besides the brief allegations quoted above, the Complaint in this action is comprised of excerpts from the *Rodgers I* court's summary judgment opinion, accompanying judgment, and denial of Plaintiff's motion for reconsideration. (Compl. at 4-18 (excerpting *Rodgers I*, ECF Nos. 91, 92, and 94).)

4

United States Court of Appeals for the Sixth Circuit ordered Plaintiff to show cause why her appeal should not be dismissed on the basis of a late notice of appeal regarding the district court's judgment.[2] (*Rodgers v. Atkins*, 6th Cir. Case No. 15-2243, ECF No. 3.) Plaintiff responded to that order. (*Rodgers v. Atkins*, 6th Cir. Case No. 15-2243, ECF No. 10.) Then, on February 3, 2016, the Sixth Circuit ruled that Plaintiff's motion for reconsideration did not toll the appeal period for the district court's judgment, and therefore held that the notice of appeal was late as to that judgment. And because the case did not merit tolling of the appeal period under one of the enumerated exceptions in Fed. R. App. P. 4, the Sixth Circuit concluded that Plaintiff's appeal was limited to issues related to the district court's denial of Plaintiff's motion for reconsideration, and not the judgment itself. (*Rodgers I*, ECF No. 100.)

With the scope of her appeal limited in this way, Plaintiff filed her appellate brief on March 10, 2016, and Defendant filed hers on April 25. (*Rodgers v. Atkins*, 6th Cir. Case No. 15-2243, ECF Nos. 14, 19.) On September 7, 2016, the Sixth Circuit entered an order affirming the district court's denial of Plaintiff's motion

---

[2] Under Federal Rule of Appellate Procedure 4(a), Plaintiff had 30 days from the entry of an order or judgment to appeal that particular determination. The judgment was entered on July 17, 2015; Plaintiff's motion for reconsideration was denied on September 21, 2015; and Plaintiff's notice of appeal was filed on October 13, 2015. (*Rodgers I*, ECF Nos. 92, 94, 95.) So while the notice of appeal was not untimely as to the district court's denial of her motion for reconsideration, it was untimely as to the judgment.

5

for reconsideration. (*Rodgers I*, ECF No. 101) In that order, the Sixth Circuit held that the only one of Plaintiff's arguments on appeal that did not allege errors in the district court's judgment itself—which, the Sixth Circuit had already established, it lacked jurisdiction to review—was that the district court should have granted Plaintiff relief under Rule 60(b). The appellate court rejected this argument, however, after finding that the district court did not abuse its discretion in denying Plaintiff relief under Rule 60(b) for the reasons that the district court stated in its order denying the motion for reconsideration, and that the other factual bases for Rule 60(b) relief that Plaintiff presented were waived because they had not been presented to the district court. (*See id.* at 2-3.)

All of the foregoing establishes two things: (1) the district court's determination of Plaintiff's damages became final when the summary judgment opinion and accompanying judgment were entered on July 17, 2015; and (2) the district court's denial of Plaintiff's motion for reconsideration of those damages became final when the Sixth Circuit affirmed it on September 7, 2016.

Accordingly, the doctrine of *res judicata* precludes this Court from adjudicating the claim that Plaintiff asserts in this action, which really amounts to a request that the Court set aside the prior determinations of the district court in *Rodgers I*. That doctrine, which is also referred to as "claim preclusion," provides that a final judgment on the merits of an action "precludes the parties or their

privies from relitigating issues that were or could have been raised" in the prior action when four elements are present:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995) (internal quotation marks omitted) (citing *Sanders Confectionery Prods., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992), *cert. denied*, 506 U.S. 1079 (1993)).

There is no question that the first two elements are present in the instant case: there was a final judgment in *Rodgers I*, and this is a subsequent action between the same parties. That the causes of action are identical is apparent from the fact that besides the conclusory statements to the effect that Defendant acted in "Reckless Disregard" to violate Plaintiff's due process rights (Compl. at 3), the Complaint is made up only of excerpts from the district court's determinations in *Rodgers I*.

Finally, the issue of damages was litigated (and decided) in the summary judgment briefing in *Rodgers I*, and even if the Court were to regard the availability of punitive damages as a wholly separate issue from the question of damages generally, there is no indication that that issue could or should not have been litigated in the earlier proceeding. *Res judicata* "precludes litigation of claims

7

that 'were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding.'" *E.E.O.C. v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462–63 (6th Cir. 1999) (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)). The summary judgment motion that the *Rodgers I* court adjudicated on July 17, 2015 sought summary judgment for the defendant on all claims, but also requested, in the alternative, summary judgment limiting the plaintiffs to nominal damages. (*Rodgers I*, ECF No. 73.) (The district court, of course, ultimately granted the latter but not the former request.) The issue of punitive damages was certainly available to Plaintiff then; in fact, she raised it, albeit briefly, in her brief in opposition to the summary judgment motion:

> The defendant's conduct, which was clearly based upon unlawful factors, and their persistent failure to remedy the situation, is extremely offensive and demonstrates complete indifference to my constitutional right to due process.
>
> In the *Pucci* case, the jury awarded plaintiff compensatory damages, economic loss, and noneconomic loss; the jury also assessed punitive damages for the violation of plaintiff's right to due process of law (*See Pucci v Nineteenth District Court*, 628 F.3d 752, 765 (6th Cir.2010)).

(*Rodgers I*, ECF No. 73 at 9.)

For the reasons articulated above, all of the *res judicata* elements are present in this case, and this Court is precluded from litigating the *Rodgers I* court's determination of damages.

Accordingly, the Court GRANTS Plaintiff Arnette Rodgers's Application to Proceed without Prepayment of Fees or Costs (ECF No. 2) but DISMISSES Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted (ECF No. 1).

IT IS SO ORDERED.

                                              s/Paul D. Borman  
                                              Paul D. Borman  
                                              United States District Judge

Dated: July 21, 2017

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 21, 2017.

                                              s/D. Tofil  
                                              Deborah Tofil, Case Manager